IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHOWCOAT SOLUTIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:18cv789-ALB-SMD |
| | ) |
| ANDY BUTLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE[1]**

Pending before the Court is Plaintiff's Emergency Motion for Immediate Hearing and Expanded Interlocutory Relief (Doc. 62). On May 8, 2019, the undersigned Magistrate Judge held a hearing on the motion. For the reasons that follow, it is the recommendation of the undersigned that Plaintiff's Motion for Expanded Interlocutory Relief (Doc. 62) be denied.

**I.   DISCUSSION**

Showcoat Solutions, LLC, ("Plaintiff") is a company that sells hair-growth products in the agricultural industry. *See generally* (Doc. 76) at 4-5. This case arises from allegations that Defendants stole Plaintiff's product formulas and used those formulas to manufacture and sell their own products, under the name of Code Blue, as well as allegations that

---

[1] The United States District Judge previously assigned to the case referred the matter addressed in this recommendation to the undersigned Magistrate Judge for "determination or recommendation as may be appropriate." (Doc. 63).

Defendants created and sold counterfeit goods using Plaintiff's name, likeness, and intellectual property. *See generally* (Doc. 76).

Contemporaneous with its Complaint, Plaintiff filed a Motion for Temporary Restraining Order (Doc. 2), which alleged irreparable and immediate harm resulting from Defendants' alleged counterfeiting and sale of Plaintiff's products. The United States District Judge previously assigned to the case held a hearing on the Motion, but was unable to conclude the hearing in the time allotted. Therefore, the District Judge entered an interim Order, which was agreed to by the parties, and continued the hearing for a later date. *See* (Docs. 11, 12). On the day before the hearing was to continue, the parties filed a Joint Motion for Order to Cancel Hearing and Enter Consent Interlocutory Injunction (Doc. 18). The Court granted the parties' request, cancelled the hearing, and entered the proposed Interlocutory Injunction, which reads, in relevant part:

1. All Defendants shall cease using the name "ShowCoat," "Volumax," "Pop Shot," or using the ShowCoat or similar marks in the manufacture, marketing, or sale of any goods, or acting in concert with others to do the same;

2. All Defendants shall not manufacture, market, or sell any products developed in whole or in part from the ShowCoat formula or acting in concert with others to do the same;

3. All parties shall preserve and demand the preservation of all computers, computer tablets, phones, smart phones, external media (CDs, thumb drives, external hard drives, and the like), servers, cloud-based storage, and email accounts on which they have stored any communication or information with, about, referring to and/or relating to ShowCoat, ShowCoat's marks, ShowCoat's formula;

4. All parties shall preserve and demand the preservation of all materials related to the manufacture, marketing, or sale of livestock hair-enhancement products. Nothing herein prevents any party from carrying on its normal business operations except as otherwise prohibited by this order;

5. Plaintiff, its agents, officers, and members shall refrain from using Defendants' names or disclosing identifying information about Defendants in connection with this matter, or acting in concert with others to do the same. In addition, Plaintiff shall delete, destroy, or remove, to the extent possible, all press releases, announcements, social media posts, or any other public materials it has produced using Defendants' names or disclosing identifying information about Defendants in connection with this matter. Nothing herein prevents Plaintiff from informing the public that Wilson and Butler are no longer dealers for Plaintiff, nor that there may be counterfeit products in circulation in the market, but such information shall not be presented in a way that implicates Defendants or associates them with wrongdoing;

6. No security will be required at this time;

7. This order shall remain in effect during the pendency of this litigation and until further order of the court[.]

(Doc. 19).

Plaintiff asserts that the Interlocutory Injunction should be expanded based upon evidence Plaintiff has acquired during discovery that purportedly establishes that Defendants stole and used Plaintiff's proprietary formulas and destroyed key pieces of evidence in the case. *See generally* (Doc. 62-1). Specifically, Plaintiff asks the Court to "[a]llow Plaintiff to identify the Defendants as the Counterfeiters of their products" and to "[b]ar Defendants from selling any of their [Code Blue] products." *Id*. at 18.

To obtain injunctive relief, Plaintiff must show: (1) a substantial likelihood that it will prevail on the merits of its claims; (2) that there exists a substantial threat that it will

3

suffer irreparable injury if the injunction is not granted; (3) that the threatened injury it faces without injunctive relief outweighs the harm the relief would inflict on Defendants if granted; and (4) that the granting of the injunctive relief would not disserve the public interest. *See, e.g., CBS Broadcasting, Inc. v. Echostar Commc'ns Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001); *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998). In the Eleventh Circuit, "'[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion' as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.,* 887 F.2d 1535, 1537 (11th Cir. 1989) (internal citations omitted).

Here, the undersigned concludes that Plaintiff has not met its burden to obtain the additional injunctive relief it requests. As discussed below, the undersigned finds that, as to Plaintiff's request to identify Defendants as counterfeiters, Plaintiff has not shown the second element required to obtain injunctive relief. As to Plaintiff's request to prevent Defendant from selling its Code Blue products, the undersigned finds that Plaintiff has not shown the third element required to obtain injunctive relief.

### A. Plaintiff Has Not Shown That It Will Suffer Irreparable Injury If It Is Not Allowed to Identify Defendants as the Counterfeiters of Its Products.

Plaintiff has not shown that it will suffer irreparable injury if it is not allowed, at this stage in the litigation, to identify Defendants as counterfeiters of its products. Importantly, there is no evidence before the Court that Defendants are continuing to produce counterfeit labels, using the counterfeit labels they produced in the past, or

4

attempting to sell any product under the guise that it is ShowCoat (or any other product produced by Plaintiff). Notably, such conduct is already prohibited by the current Interlocutory Injunction. *See* (Doc. 19) at ¶¶ 1, 2. Further, there is no evidence before the Court that any counterfeit product actually remains in the market. Even if it did, the current Interlocutory Injunction does not prohibit Plaintiff from informing the general public and its customers that counterfeit goods potentially exist. Plaintiff's ability to communicate this information seems sufficient, at this time, to combat any injury it may be facing from Defendant's alleged counterfeiting. Therefore, the undersigned is unpersuaded that irreparable injury will occur if Plaintiff is not allowed to identify Defendants as counterfeiters at this time. Accordingly, the undersigned recommends that Plaintiff's request to expand the Interlocutory Injunction to allow it to identify Defendants as the counterfeiters of its products be denied.

### B. Plaintiff Has Not Shown That Its Threatened Injury Outweighs the Potential Harm to Defendants if Defendants Are Barred from Selling Their Code Blue Products.

Plaintiff has not shown that its threatened injury outweighs the potential harm to Defendants if this Court prohibits Defendants from selling their Code Blue products pending resolution of this case. Plaintiff is asking the Court to bar Defendants from selling Code Blue products, which it alleges were made with stolen formulas from its own products. While Plaintiff argues that allowing Defendants to continue to profit from their alleged misappropriations are particularly egregious considering that the upcoming months are Plaintiff's busiest season, Plaintiff has submitted no evidence—other than mere

speculation—that Defendants' business has affected or is affecting Plaintiff's income. Shutting down Defendants' livelihood, which is essentially Plaintiff's request, does not seem prudent under such circumstances. Therefore, the undersigned concludes that Plaintiff has not met its burden of showing that the threatened injury it may suffer if the injunction is not expanded outweighs the potential harm the expansion would cause Defendants. Accordingly, the undersigned recommends that Plaintiff's request to expand the Interlocutory Injunction to bar Defendants from selling their products be denied.

## II. CONCLUSION

For the foregoing reasons, it is the

RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff's Motion for Expanded Interlocutory Relief (Doc. 62) be DENIED. Further, it is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before June 21, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    DONE this 7th day of June, 2019.

                                               <u>/s/ Stephen M. Doyle</u>
                                               UNITED STATES MAGISTRATE JUDGE